Filed 7/11/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 151

In the Interest of Z.F.T., a child

----------

Grand Forks County Social Services, Petitioner and Appellee

v.

Z.F.T., a child, Respondent

and

R.B.T., father, and R.S., mother, Respondents and Appellants

No. 20180181

In the Interest of R.J.R., a child

----------

Grand Forks County Social Services, Petitioner and Appellee

v.

R.J.R., a child, C.C.R., father, Respondents

and

R.S., mother, Respondent and Appellant

No. 20180182

In the Interest of J.M.R., a child

----------

Grand Forks County Social Services, Petitioner and Appellee

v.

J.M.R., a child, C.C.R., father, Respondents

and

R.S., mother, Respondent and Appellant

No. 20180183

In the Interest of D.R.R., a child

----------

Grand Forks County Social Services, Petitioner and Appellee

v.

D.R.R., a child, C.C.R., father, Respondents

and

R.S., mother, Respondent and Appellant

No. 20180184

In the Interest of A.K.R., a child

----------

Grand Forks County Social Services, Petitioner and Appellee

v.

A.K.R., a child, C.C.R., father, Respondents

and

R.S., mother, Respondent and Appellant

No. 20180185

Appeals from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay D. Knudson, Judge.

AFFIRMED.

Per Curiam.

Jackson Pasco (argued), third-year law student, under the Rule on Limited Practice of Law by Law Students, Jacqueline A. Gaddie, (appeared), Assistant State’s Attorney, Grand Forks, ND, for petitioner and appellee.

Kiara Costa Kraus-Parr, Grand Forks, ND, for R.B.T., respondent and appellant.

Jessica J. Ahrendt, Grand Forks, ND, for R.S., respondent and appellant.

Interest of Z.F.T., R.J.R., J.M.R., D.D.R. and A.K.R.

No. 20180181-20180185

Per Curiam.

[¶1] R.S., the mother, appeals a juvenile court order terminating her parental rights in Z.F.T., R.J.R., J.M.R., D.D.R., and A.K.R.  R.B.T., father of Z.F.T., appeals the same order terminating his parental rights in Z.F.T.  On appeal R.S. and R.B.T. argue clear and convincing evidence did not exist to support the termination.  R.S. also argues reasonable efforts were not made to preserve and reunite the family.  The juvenile court found the children were deprived; the deprivation was likely to continue; the children have already suffered or are likely to suffer serious physical, mental, moral or emotional harm if placed back in custody of their parents; and reasonable efforts were made to reunite the family.  The juvenile court’s findings were not clearly erroneous and we summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶2] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte